IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ESTEBAN R. WEST                                                                                    PLAINTIFF

vs.                                        Civil No. 2:19-cv-02097

ANDREW SAUL                                                                                        DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Esteban West ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable P. K. Holmes, III referred this case to the undersigned for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **AFFIRMED.**[1]

**1. Background:**

Plaintiff's application for SSI was filed on March 13, 2017. (Tr. 139). Plaintiff alleged he was disabled due to high blood pressure and diabetes. (Tr. 316). Plaintiff initially alleged an onset date of October 1, 1992. *Id.* This application was denied initially and again upon reconsideration. (Tr. 139). Thereafter, Plaintiff requested an administrative hearing on his application and this

---

[1] References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 10. These references are to the page number of the transcript itself not the ECF page number.

hearing request was granted. (Tr. 228-230).

Plaintiff's administrative hearing was held on October 2, 2018. (Tr. 154-184). Plaintiff was present and was represented by counsel, David Harp, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Montie Lumpkin testified at this hearing. *Id.* At the hearing, Plaintiff amended his alleged onset date to March 10, 2017. (Tr. 139). At the time of this hearing, Plaintiff was thirty-one (31) years old and had an eleventh grade education. (Tr. 161).

On November 23, 2018, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 139-149). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 13, 2017. (Tr. 141, Finding 1). The ALJ also determined Plaintiff had the severe impairments of insulin dependent diabetes mellitus (diabetes) with peripheral neuropathy, hypertension, and gastroesophageal reflux disease (GERD) with esophagitis. (Tr. 141, Finding 2). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 142, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 142-148). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for the full range of light work. (Tr. 142, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 148, Finding 5). The ALJ found Plaintiff had no PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 149, Finding 9). The ALJ then used Medical-Vocational Guidelines Rule 202.17 to reach a conclusion of "not disabled,"

based on Plaintiff's age, education, vocational background, and residual functional capacity. (Tr. 149). Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act since March 13, 2017. (Tr. 149, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 131-135). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 2-7). On August 1, 2019, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 12, 13. This case is now ready for decision.

### 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

3

160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in the RFC determination, (B) in his credibility analysis, and (C) improperly applied the Grids.  ECF No. 12, Pgs. 10-16.  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 13.

**A. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform the full range of light work. (Tr. 142). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 12, Pgs. 10-15. However, substantial evidence supports the ALJ's RFC determination.

In his opinion, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible. Plaintiff has not referenced any specific limitations the ALJ improperly assessed or provided any medical evidence or other evidence demonstrating the ALJ erred in

5

assessing his limitations. Plaintiff has the burden of demonstrating his alleged limitations. *See, e.g., Young v. Apfel,* 221 F.3d 1065, 1069 (8th Cir. 2000). Without more, the Court cannot find the ALJ erred in assessing his RFC. The mere fact Plaintiff suffers from a number of different impairments does not demonstrate he is disabled due to those impairments.

Substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### B. ALJ's Credibility Determination

Plaintiff claims the ALJ erred in considering his subjective complaints. ECF No. 12, Pgs. 13-14. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 142-148). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Poor compliance with medical treatment, (3) Work history while incarcerated, (4) Plaintiff's described activities of daily living allow for active lifestyle, and (5) No employment earning from 2010 through 2017. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed.

*See Lowe,* 226 F.3d at 971-72.  Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain**.**  Thus, the Court cannot find a basis for reversal on this issue.  *See Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing that deference is warranted where the ALJ's credibility determination is supported by good reasons and substantial evidence).

### **C. Grids**

If the ALJ properly determines that a claimant's RFC is not significantly diminished by a non-exertional limitation, then the ALJ may rely exclusively upon the Grids, and is not required to hear the testimony from a VE.  However, the ALJ may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a non-exertional limitation.  *See McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003)

A "non-exertional limitation" is a limitation or restriction which affect a claimant's "ability to meet the demands of jobs other than the strength demands." 20 C.F.R. § 404.1569a(a). Non-exertional limitations include the following: (1) difficulty functioning due to pain; (2) difficulty functioning due to nervousness, anxiety, or depression; (3) difficulty maintaining attention or concentration; (4) difficulty understanding or remembering detailed instructions; (5) difficulty seeing or hearing; (6) difficulty tolerating a physical feature of a certain work setting (such as dust or fumes); or (7) difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching.  *See* 20 C.F.R. § 404.1569a(c)(1).

In this matter, the ALJ found Plaintiff did not have non-exertional limitations and had the RFC to perform the full range of light work.  (Tr. 142, Finding 4).  As a result, the ALJ used Medical-Vocational Guidelines Rule 202.17 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity.  *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.22.

Plaintiff has failed to establish he was unable to perform the full range of light work, as a result, the court finds the ALJ's use of Medical-Vocational Grids to reach a conclusion of "not disabled" is supported by substantial evidence.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record. This Court recommends that the ALJ's decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **28th day of April 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE